[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Robert Kinney's first and second assignments of error, which allege that the trial court was without jurisdiction to try Kinney because the complaint charging him with misdemeanor theft in violation of R.C. 2913.02 stated that it was based on an affidavit that referred to Kinney's co-defendant and because the complaint omitted an essential element of the crime, are overruled.
A complaint charging a misdemeanor must state the essential elements of the crime charged and the numerical designation of the applicable statute. See State v. Burgun (1976), 49 Ohio App.2d 112, 359 N.E.2d 1018; Crim.R. 3. The instant complaint contained Kinney's name, the numerical designation of the statute, and an almost verbatim recitation of R.C.2913.02(A)(1) that included the victim's name, the date of the crime, and the dollar amount of the stolen merchandise. We hold that the complaint was sufficient to invoke the jurisdiction of the trial court.
The third and fourth assignments of error, alleging that Kinney's conviction was based upon insufficient evidence and against the manifest weight of the evidence, are overruled. After viewing all of the evidence in the light most favorable to the prosecution, we are not persuaded that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St.3d 380, 678 N.E.2d 541; State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. Further, having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost his way and created a manifest miscarriage of justice. See State v. Thompkins, supra; State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.